**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1671**

MINGYING XU; LONGKUI JIN,

Petitioners,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A98-362-935)

Submitted: January 24, 2008          Decided: February 25, 2008

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jim Li, New York, New York, for Petitioners. Jeffrey S. Bucholtz, Acting Assistant Attorney General, Blair T. O'Connor, Senior Litigation Counsel, Jaesa Woods McLin, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mingying Xu and Longkui Jin, natives and citizens of the People's Republic of China, petition for review of an order of the Board of Immigration Appeals (Board) dismissing their appeal from the immigration judge's order finding them removable and denying their applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). The Petitioners challenge the Board's adverse credibility finding and claim the Board failed to consider the corroborative evidence. We deny the petition for review.

The Immigration and Naturalization Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). The INA defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2007). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

An applicant has the burden of demonstrating her eligibility for asylum. 8 C.F.R. § 1208.13(a) (2007); Gandziami-

- 2 -

<u>Mickhou v. Gonzales</u>, 445 F.3d 351, 353 (4th Cir. 2006). A determination regarding eligibility for asylum is affirmed if supported by substantial evidence on the record considered as a whole. <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 (1992). This court will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." <u>Rusu v. INS</u>, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted).

We find sufficient evidence supports the Board's adverse credibility finding and the record does not compel a different result. Accordingly, we will not disturb the Board's denial of the Petitioners' applications for asylum and withholding from removal. Because the Petitioners did not challenge the denial of relief under the CAT in their brief, the claim is not preserved for review. <u>See</u> <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>